DANIEL G. BOGDEN
United States Attorney
District of Nevada
ROGER YANG
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| United States of America, | 2:13-cr-00028 JAD VCF |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT UNDER FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |
| CHARLES RAY BLAND, | |
| Defendant. | |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Roger Yang, Assistant United States Attorney, the defendant Charles Ray Bland, and the defendant's attorney, Rebecca A. Levy, Assistant Federal Public Defender, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A and B).

I.   **SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and Charles Ray Bland (the defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It

does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to the following charges in the Superseding Information:

<u>Count 1</u>: Transportation of a Person for Prostitution in violation of 18 U.S.C. § 2421.

B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6. The right to have the assistance of an attorney at all stages of such proceedings.

C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty pleas after he has entered them in court.

2

    D.    <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16.

    The United States will move to dismiss any additional charges pending against the defendant in this case at the time of sentencing.

## III.    ELEMENTS OF THE OFFENSES

    <u>Count 1</u>: The elements of Transportation of Person for Prostitution under 18 U.S.C. § 2421 are:

    1.    The defendant transported E.T. from California to Nevada; and

    2.    The defendant did so with the intent that E.T. engage in prostitution.

*See* Ninth Cir. Manual of Model Jury Instr., Criminal 8.193 (2010 ed.) (modified).

## IV.    FACTS SUPPORTING GUILTY PLEA

    A.    The defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

    B.    The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

    C.    The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

    D.    The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

The defendant met the victim, E.T., on July 3, 2012 and introduced himself as "Tyshon." Later, the defendant brought E.T. to his house and discussed prostitution with her. The defendant saw E.T. again about a month later and gave her his phone number. A few weeks later, E.T. needed money, and contacted the defendant. The defendant picked up E.T. and discussed prostitution with her, although she did not agree to engage in prostitution at that time.

On or about October 5, 2012, E.T. contacted the defendant because she needed money, and the defendant told her to pack her clothes because he was going to take her to Las Vegas, where he had some "tricks" lined up for her. On October 6, 2012, the defendant picked up E.T. from her friend's house. On October 7, 2012, the defendant traveled with E.T., E.T.'s friend, and an adult woman from Southern California to Las Vegas, Nevada in a rented car. After arriving in Las Vegas, the adult woman told E.T. the rules for working as a prostitute. That evening, the defendant repeated the rules to E.T. in the car, and added that he wanted E.T. to call him "daddy." The defendant dropped E.T. off in an area on Tropicana in Las Vegas known for prostitution. That night, E.T. earned $280 from prostitution activities. When E.T. told the defendant she did not want to be a prostitute, the defendant responded that she could get a real job working minimum wage, or she could make up to $500 a night as a prostitute. E.T. worked as a prostitute on October 8, 2012, and earned $240. On October 9, 2012, the defendant told E.T. to work on the "Tropicana track" by 7PM. When E.T. went to the track, Las Vegas Metropolitan Police Department vice detectives arrested her for soliciting prostitution.

## V.   COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting

any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

VI. **APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B. <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

```
1.   Count One: Transportation of Person for Prostitution 18 U.S.C. § 2421
     Base Offense Level USSG § 2G1.3:                              24
     Enhancements:
         Undue inducement USSG § 2G1.3(b)(2)(B):        +2
         Commission of a sex act USSG § 2G1.3(b)(4)(B): +2

     Reductions:
         Acceptance of Responsibility USSG § 3E1.1(A+B): -3

     Adjusted Offense Level:                                        25
```

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward

5

adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of either 26 (if two-level adjustment applies) or 25 (if two-level adjustment and additional one-level adjustment both apply).

D.   <u>Criminal History Category</u>.   The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines. E.

<u>Relevant Conduct</u>.   The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F.   <u>Additional Sentencing Information</u>.   The stipulated Sentencing Guidelines calculations are based on information now known to the parties.  The parties may provide

additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

G.    Career Offender Provisions. The defendant's base offense level could increase if the defendant qualifies as a career offender under USSG §§ 4B1.1 and 4B1.2. The defendant's base offense level could increase if the defendant qualifies as a repeat and dangerous sex offender against minors under USSG § 4B1.5. In that event, the parties are not bound by the stipulated base offense level. Application of the career offender or repeat and dangerous sex offender against minors provisions shall not be grounds for the defendant to withdraw his guilty plea.

VII.   APPLICATION OF SENTENCING STATUTES

A.    Maximum Penalty. The maximum penalty for Transportation of Minors for Prostitution under § 2421 is a 10-year prison sentence, a fine of $250,000, or both. 18 U.S.C. § 2421.

B.    Factors Under 18 U.S.C. § 3553. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum

7

sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C. <u>Additional Mandatory Sentencing Provisions</u>.

Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student. Defendant understands that the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and

state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

        D.      <u>Parole Abolished</u>.  The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

        E.      <u>Supervised Release</u>.  In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not less than 5 years and not to exceed life. 18 U.S.C. § 3583(k). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements.  If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of lifetime.

As a condition of supervised release, defendant shall initially register with the state sex offender registration in Nevada, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

        F.      <u>Special Assessment</u>.  The defendant will pay a $100.00 special assessment per count at the time of sentencing.

## VIII.  POSITIONS REGARDING SENTENCE

Notwithstanding the Sentencing Guideline calculations, the parties jointly agree to recommend that the Court sentence the defendant to a 98-month sentence unless the defendant

commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant acknowledges that the Court does not have to follow that recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's substantial assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35. This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend a 98-month sentence, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant will not request a sentence below 98 months, and will not seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose. The parties agree that the defendant should receive credit for time spent in the District of Nevada on a writ of habeas corpus ad prosequendum.

## IX.   RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to make full restitution in an amount to be determined by the Court for all of the losses the defendant caused by his schemes or offenses, whether charged or uncharged, pled to or not, and by all of his relevant conduct. 18 U.S.C. § 3663(a)(3). The defendant cannot discharge his restitution obligation through bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

## X.   FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn

statements, and/or give depositions under oath concerning his assets and his ability to pay. The defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XI. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the

applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

    C.    <u>Removal/Deportation Consequences</u>.  The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

**XII. ADDITIONAL ACKNOWLEDGMENTS**

1     This Plea Agreement resulted from an arms-length negotiation in which both parties
2 bargained for and received valuable benefits in exchange for valuable concessions. It
3 constitutes the entire agreement negotiated and agreed to by the parties. No promises,
4 agreements or conditions other than those set forth in this agreement have been made or implied
5 by the defendant, the defendant's attorney, or the United States, and no additional promises,
6 agreements or conditions shall have any force or effect unless set forth in writing and signed by
7 all parties or confirmed on the record before the Court.

    DANIEL G. BOGDEN,
    United States Attorney

DATE 9/24/14

ROGER YANG
Assistant United States Attorney

DATE 9/24/14

REBECCA A. LEVY
Counsel for the Defendant

DATE 9/24/14

CHARLES RAY BLAND
Defendant

13